| | |
|---|---|
| ATHRYN REEDJOSEPH-MINKINS | * IN THE |
| Plaintiff | * CIRCUIT COURT |
| v. | * FOR |
| Dolgencorp, LLC dba Dollar General | * BALTIMORE CITY |
| | * Case No. 24-C-22-003316 |
| Defendant | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTERROGATORIES

From Plaintiff:   ATHRYN REEDJOSEPH-MINKINS

To Defendant:   DOLGENCORP, LLC, dba DOLLAR GENEARL

## INSTRUCTIONS

A.   These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

B.   Where the name or identity of a person is requested, please state full name, home address and also business address, if know.

C.   Unless otherwise indicated, these Interrogatories refer to the time; place and circumstances of the occurrence mentioned or complained of in the pleadings.

D.   Where knowledge or information in possession of the party is requested, such request includes knowledge of the party's agents, representatives and unless privileged, his/her attorneys. When a corporate Defendant makes an answer, state the name, address and title of the person supplying the information, and making the Affidavit, and the source of his/her information.

E.   The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the persons mentioned in clause (D).

f.   The term *Date of Incident* refers to the January 7, 2021, date of the *Occurrence* as referred to in the Complaint.

g.   "Identify. Identify, identity, or identification," (1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a person other than a natural person, means that person's full name, a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of person below), and the person's last known address, telephone number, and principal place of business; (3) when used in reference to any person after the person has been properly identified previously means the person's name; and (4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, the identity of the present custodian of the document, and the type of document (e.g., letter, memorandum, telegram, or chart) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory. (Standard General Definition (b).)

h.   The term "occurrence," unless otherwise indicated, means the falling incident described and/or referred to in the Complaint.

i.   "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association, or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity. (Standard General Definition (c).)

j.   The term "possession" includes possession, custody, or control.

k.   The term "Premises" refer to where the occurrence took place as referred to in the Complaint.

l.   The term "Subject Incident" refers to the occurrence of the Plaintiff's fall as described and referred to in the Complaint.

m.   You. The pronoun "you" refers to the party to whom these Interrogatories are addressed and the corporate Defendant, Dolgencorp, LLC, dba Dollar General, collectively as a collective entity.

*   *   *   *   *

## INTERROGATORIES

**INTERROGATORY NO. 1.** Identify the individual answering these Interrogatories, giving the individual's full name, address, business address, occupation, and if applicable, job title or position within Dolgencorp, LLC, dba Dollar General, and providing whether such individual is intended to serve as the Corporate Designee for Dolgencorp, LLC, dba Dollar General in this matter.

**INTERROGATORY NO. 2.** Describe any and all inspections of the Dollar General, located at 2511 Greenmount Street, Baltimore, Maryland 21218 carried out by you, your agents and/or contractors, within two years prior to the Subject Incident. In describing these inspections, identify the person making each inspection, the date of each inspection, the documentation generated for each inspection, the date of each inspection, any photographic records taken during each inspection, any correspondences or communications generated upon each inspection, and any work orders or actions taken upon each inspection.

**INTERROGATORY NO. 3.** For the individual answering these Interrogatories, describe your familiarity with said aisle in the Dollar General, 2511 Greenmount Street, Baltimore, Maryland 21218, your basis of knowledge regarding the condition of the walkway on or about the Date of Incident, and sources of information for developing your basis of knowledge including the identity of any person(s) you consulted with to obtain knowledge.

**INTERROGATORY NO. 4.** Describe all complaints prior regarding the subject aisle received prior to the Date of Incident, including any reported falls, near falls, or warnings of a hazardous condition.

**INTERROGATORY NO. 5.** State fully and completely to your knowledge as to how the alleged accident/incident set forth in subject complaint happened, providing in your answer a complete chronology of events.

**INTERROGATORY NO. 6.** Identify each and every person known to you who witnessed the accident/incident, was in the vicinity of the accident/incident, or was on the premises of the Dollar General 2511 Greenmount Street, Baltimore, Maryland 21218, at the time of the accident/incident. After each name, list the person's address, phone number and relationship, if any, to this Defendant.

**INTERROGATORY NO. 7.** If anyone of the persons listed in Interrogatory No.5 is an agent or employee of the defendant, list:

      a.    His/her position;
      b.    The period of time during which he/she held the position;
      c.    His/her duties;
      d.    The extent of what he/she saw, heard, or noticed regarding the accident/incident;
      e.    His/her location in relation to the place of the accident/incident, and
      f.    The statements, either oral or written, given by him/her concerning the accident/incident, including to whom the statement was given, in what form it was given, and who is the present custodian of said written or recorded statement and/or incident report.

**INTERROGATORY NO. 8.** Describe from any sources of information, your knowledge of what the Plaintiff did after falling. In answering this Interrogatory provide the sources of information from which you base your answer.

**INTERROGATORY NO. 9.** Describe your inspection schedule, protocol, procedure, practices, regarding the subject aisle/walkway.

**INTERROGATORY NO. 10.** Describe in as much detail as possible the actual place or location of the alleged incident, specifying:

a. All identifying aspects of the place or location, including distances in feet to other fixed objects;
b. Boundaries;
c. The general condition of the place or location, and
d. Whether the place or location was under the control of the defendant or his agents or employees at the time of the accident/incident.

**INTERROGATORY NO. 11.** Describe any signs, signals, notices, cones, or persons that warned of the aisle/walkway on which the Plaintiff tripped and fell.

**INTERROGATORY NO. 12.** Describe fully and completely all arrangements the defendant or any of his agents or employees had for the care and maintenance of the subject aisle/walkway at the time of the alleged accident/incident.

**INTERROGATORY NO. 13.** At any time prior to the accident/incident, did you or any of your agents or employees make any examination or inspection of the place or location where the accident/incident occurred? If so, what type of examination and/or inspection was performed?

**INTERROGATORY NO. 14.** If your Answer to either of the two preceding interrogatories is in the affirmative, detail for each examination, inspection, or test:

a. the date and time it was made;
b. the procedures used for making it;
c. the names and addresses of all persons making it;
d. the qualifications of all persons making it;
e. what it encompassed or included;
f. what it revealed;
g. whether any reports, either oral or written, were made as a result of it;
h. the contents of each report, and
i. if in written or recorded form, the present custodian of each report.

**INTERROGATORY NO. 15.** Give the substance of all conversations and of any written or oral communications or statements made by the plaintiff to you to any of your agents or employees, or to your insurance carrier concerning the alleged accident/incident. In reference to the same, describe:

a. To whom the statement was given;
b. When it was given;
c. Whether it is in written or oral form, and

    d.    If in written or recorded form, its present custodian.

**INTERROGATORY NO. 16.** Did you, any of your agents or employees, your insurance carrier, or your legal representative ever take or receive any oral or written statement from any person who witnessed the accident/incident, or who has any information or knowledge about it? If so, specify:

    a.    The nature of the statement;
    b.    The person giving the statement, including their address and phone number;
    c.    The person receiving the statement, including their address and phone number;
    d.    The person taking the statement, including their address and phone number;
    e.    The substance of the statement;
    f.    The date of the statement, and
    g.    If the statement is in written or recorded form, its present custodian.

**INTERROGATORY NO. 17.** Did you or any of your agents or employees render any assistance or support of any kind to the Plaintiff after the incident?

**INTERROGATORY NO. 18.** If your answer to the preceding Interrogatory is in the affirmative, describe:

    a.    What kind of assistance or help was given to the Plaintiff?
    b.    The name and address of each person rendering assistance, and
    c.    Whether the person rendering assistance has any special medical or emergency skills or training.

**INTERROGATORY NO. 19.** Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action and state the subject matter of the information possessed by that person.

**INTERROGATORY NO. 20.** Identify each person who you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach to your answers any written report made by the expert concerning those findings and opinions.

**INTERROGATORY NO. 21.** If any person carrying on a property management or maintenance business might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, identify that person, and describe any question or challenge raised by the person relating to their liability for this action.

**INTERROGATORY NO. 22.** Identify all photographs, videotapes, plats, diagrams, or other depictions of the scene or of things connected with the occurrence that are in your possession and set forth the custodian of any such photographs, videotapes, plats, diagrams, or other depictions of the scene.

**INTERROGATORY NO. 23.** If any person/entity carrying on an insurance business might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, identify that person/entity, and describe any question or challenge raised by the person/entity relating to coverage for this action.

**INTERROGATORY NO. 25.** Describe any and all defenses, you may assert, including any and all theories which you allege that the Plaintiff was contributory negligent and or assumed the risk regarding the subject occurrence.

_/s/ Kevin A. Clasing_

Kevin A. Clasing, Esquire
Client Protection Fund 8501010108
Parker, Pallett, Slezak & Russell, LLC
11450 Pulaski Highway
White Marsh, Maryland 21162
(410) 335-3800
(410) 335-2188 fax
kclasing@ppsrlaw.com
Attorney for Plaintiff